IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VERNON GEORGE SPENCER,  :
       Plaintiff,  :
      v.  :  Case No. 3:10-cv-65-KAP
SERGEANT ANTHONY DELUCA and  :
TROOPER WESTLEY BERKEBILE,  :
PENNSYLVANIA STATE POLICE,  :
       Defendants  :

## Memorandum Order

This is a consent case under 28 U.S.C.§ 636(c). Plaintiff is a pretrial detainee in the Somerset County Prison, awaiting trial on charges arising out of a stop on July 8, 2009, on a portion of the Pennsylvania Turnpike located in Somerset County. Plaintiff was a passenger in a car stopped by defendant Deluca, an employee of the Pennsylvania State Police, for having a burned out license plate light. After defendant Deluca gave the driver a warning he asked for permission to search the vehicle. After the driver denied consent Deluca called defendant Berkebile, an employee of the Pennsylvania State Police, who arrived with a drug sniffing dog. When the dog alerted on the trunk, defendants arrested plaintiff and his driver. Eventually the trunk was searched and a quantity of marijuana was found. Plaintiff says that his detention in the Somerset County Prison is "unrelated" but it is clear from the complaint that the pending charges are based on the alleged possession of marijuana found in the stop.

Plaintiff alleges two federal constitutional claims: 1) that his vehicle was stopped without probable cause (in violation of the Fourth Amendment) because the defendant who stopped them did

not in fact see a burned-out license plate holder light; and 2) regardless of probable cause the "real reason" they were stopped was racial profiling (in violation of the Fourteenth Amendment) against black motorists. Plaintiff seeks injunctive and monetary relief.

Plaintiff's motion to prosecute his civil action in forma pauperis, docket no. 2, is granted pursuant to the Prison Litigation Reform Act, see 28 U.S.C.§ 1915(a)(2), (b)(1)-(2). Plaintiff will be required to pay an initial filing fee of twenty percent of the greater of: 1) the average monthly total deposits to, and 2) the average monthly balance in his prison account, for the six months prior to the filing of the complaint. Plaintiff must also pay subsequent monthly installments of twenty percent of any income credited to any prison account, until the entire filing fee of $350.00 is paid.

Screening the complaint as I am required to do, the complaint must be dismissed. See 28 U.S.C.§ 1915(e)(2)(B), 28 U.S.C.§ 1915A.

I

Plaintiff asks for injunctive and monetary relief. There are no facts suggesting that it is likely that plaintiff will in the future be again stopped by defendants, much less that it will be for reasons prohibited by the constitution. As such, this court lacks jurisdiction over any claim for equitable relief. See United

States v. Kissinger, 309 F.3d 179, 180 (3d Cir.2002); Los Angeles v. Lyons, 461 U.S. 95, 109-13 (1981).

II

The allegation by plaintiff that defendant Deluca stopped him without probable cause would, if proved true, require the suppression of the marijuana found and therefore invalidate any conviction based on that evidence. Plaintiff cannot, however, maintain a civil rights action arising out of the allegedly false stop without probable cause until he first overturns (at first through state court proceedings) any conviction, or obtains dismissal of the charges before conviction through a successful motion to suppress. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court recently reiterated, in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), the general principle that

> a state prisoner's §1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration. (emphasis in original)

Plaintiff is a pretrial detainees and must attempt to secure dismissal of the criminal charges in state court before he can challenge the police conduct which formed the basis of the charges in federal court, because with limited exceptions not present here, the Supreme Court has directed federal courts to abstain from interfering in the proceedings in pending state criminal cases. Younger v. Harris, 401 U.S. 37 (1971). Compare Wright v. Camden

City Police Department, 2005 WL 2406098 (D. N.J.)(dismissing racial profiling complaint because conviction on appeal in state court) with Christopher v. Nestlerode, 373 F.Supp.2d 503 (M.D.Pa.2005) (permitting racial profiling suit where state court had dismissed charges). A reason why is offered by the Court of Appeals for the Tenth Circuit in Jackson v. Loftis, 189 Fed.Appx. 775, 779 (10th Cir.2006). Like plaintiff here, Jackson alleged the two claims that there was no factual basis for the traffic stop that led to his prosecution and that the basis for the traffic stop was really racial profiling. The Tenth Circuit collapsed the two claims into one claim of lack of probable cause, but correctly observed:

> false arrest claims generally do not implicate *Heck*, because improprieties in arrest typically do not undermine the validity of an ensuing conviction. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir.1999); *see Price v. Philpot*, 420 F.3d 1158, 1163 n. 3 (10th Cir.2005). However, given the particular nature of plaintiff's claim-that his arrest was improper *because he had not committed the alleged offenses*-this may be the exceptional false arrest case that satisfies the "necessarily called into doubt" condition for invoking *Heck*.

189 Fed.Appx. 775, 779 (emphasis in original). A claim that the arresting officer totally fabricated probable cause for an arrest which led to the discovery of the sole evidence for a possessory offense is one that cannot accrue until the dismissal of the charges.

### III

Plaintiff also claims that even if there was marijuana in the trunk the "real" reason he was stopped was the color of his skin. He attaches the affidavits of several other inmates in the

4

Somerset County Prison, some of whom allege that they are black and were also arrested for drug offenses by defendant Deluca or other state police troopers, after what they also claim were stops which resulted from racial profiling. To make it clear, this is a separate claim from the Fourth Amendment claim. It asserts that even if plaintiff is guilty of the controlled substance offenses charged, the defendant law enforcement officers committed a violation of the Equal Protection Clause of the Fourteenth Amendment by arresting them, because the defendants' motives were evil. The Supreme Court has already foreclosed this sort of claim being based on the Fourth Amendment. Whren v. United States, 517 U.S. 806, 813 (1996)(if officer's traffic stop was objectively valid under Fourth Amendment, racially discriminatory motive would not render stop invalid). Can plaintiff nevertheless do so under the Fourteenth Amendment?

Even if a plaintiff were to prove that his prosecution was based on racial profiling, it is not clear "whether dismissal of the indictment, or some other sanction, is the proper remedy." United States v. Armstrong, 517 U.S. 456, 461 (1996). But the answer to that question can wait for another day. The law as it stands makes it crystal clear that what a defendant can not do is accuse the arresting officer of racism even as a shield, much less as a sword. A Fourteenth Amendment selective prosecution **defense** requires the plaintiff to allege facts from which it can be

5

inferred that the defendant took actions with a discriminatory effect and that the defendant was motivated by a discriminatory purpose. See United States v. Armstrong, supra, 517 U.S. at 465. This at the least requires allegations that similarly situated individuals of a recognizably different ethnic group were not prosecuted. Attaching affidavits from a few other black defendants also stopped by Deluca is less than the allegations held insufficient even to justify **discovery in support of a criminal defense** in United States v. Hedaithy, 392 F.3d 580 (3d Cir.2004), cert. denied, 544 U.S. 978 (2005). There, the Court of Appeals acknowledged that every single defendant prosecuted for mail fraud (in a scheme involving imposter test-takers for aliens attempting to qualify for or keep a student visa) was an Arab or from the Middle East, just as every defendant prosecuted in Armstrong for controlled substance offenses was black. 392 F.3d at 607. The Court of Appeals pointed out that this was insufficient: what defendants needed to show was that some group of non-Arab violators was known to the prosecutors and ignored. Even a statistical study showing differences in aggregate numbers of each ethnic group prosecuted is insufficient, for the obvious reason that it assumes its conclusion – that there can be no underlying reasons other than racial ones for any differences in prosecutorial decisions. Id., citing United States v. Bass, 536 U.S. 862, 863 (2002)(per curiam).

I will not give plaintiff leave to amend, even if he could come up with colorable allegations of fact that defendants routinely failed to stop similarly situated non-black motorists, because the uncorrectable flaw in plaintiff's case is that defendant Deluca is not, as a matter of law, legally responsible for plaintiff's prosecution. The relevant decisionmaker under the facts described by plaintiff is the District Attorney of Somerset County. Defendant Deluca's alleged biases are irrelevant for Fourth Amendment claims after <u>Whren</u>. They have been irrelevant for Fourteenth Amendment purposes since the office of District Attorney was created in the 18th century. The complaint is dismissed without leave to amend.

DATE: 21 My 2010

Keith A. Pesto
United States Magistrate Judge

Notice by U.S. Mail to:

Vernon G. Spencer
Somerset County Prison
127 East Fairview Street
Somerset, PA 15501